OPINION
Defendant-appellant, Helen Vandegrift, appeals from a judgment of the Franklin County Municipal Court granting the summary judgment motion of plaintiff-appellee, Kenneth D. Meeks.
On September 23, 1999, plaintiff filed a complaint against defendant based on an October 13, 1997 written lease between the parties. Plaintiff sought $7,831.25 for property damage and unpaid rent.
Ultimately, plaintiff filed a motion for summary judgment premised on defendant's response to plaintiff's request for admissions, the lease between the parties, plaintiff's affidavit, and numerous invoices and estimates attached to his affidavit. Defendant responded with the affidavit of her daughter, Gail Johnson, challenging the factual premise for plaintiff's damages claim. In addition, plaintiff filed a cross-motion for summary judgment supported by the same affidavit. Plaintiff responded with an affidavit from Gretchen Kastet, an employee of Wallick Properties, Inc., the property manager for the premises at issue.
Following full briefing, the trial court granted plaintiff's summary judgment motion, thereby implicitly overruling defendant's summary judgment motion. The court awarded plaintiff $6,355 for repairs and $1,476.25 for unpaid rent and late charges, for a total of $7,831.25, plus ten percent interest per annum from the date of judgment and court costs. Defendant appeals, assigning the following errors:
 I. THE COURT ERRED IN CONSIDERING THE ATTACHMENTS TO THE AFFIDAVIT OF THE LANDLORD AS THEY WERE NEITHER REFERRED TO IN, NOR INCORPORATED BY REFERENCE INTO, SAID AFFIDAVIT.
 II. THE COURT ERRED IN CONSIDERING THE AFFIDAVIT OF THE LANDLORD AS IT DID NOT COMPLY WITH THE REQUIREMENTS OF RULE 56(E) OF THE OHIO RULES OF CIVIL PROCEDURE.
 III. THE COURT ERRED IN CONSIDERING AN AFFIDAVIT OF THE LANDLORD'S RENTAL AGENT AS IT WAS SUBMITTED IN OPPOSITION TO HELEN'S MOTION FOR SUMMARY JUDGMENT AND NOT IN SUPPORT OF THE LANDLORD'S MOTION FOR SUMMARY JUDGMENT.
 IV. THE COURT ERRED IN FAILING TO CONSIDER THE AFFIDAVIT OF HELEN'S DAUGHTER, GAIL JOHNSON ON THE GROUND THAT IT WAS CONCLUSORY.
 V. THE COURT ERRED IN FINDING HELEN LIABLE FOR DAMAGES IN THIS ACTION AS SHE WAS NOT A PERMITTED OCCUPANT OF THE PREMISES WHERE THE DAMAGES ALLEGEDLY OCCURRED.
 VI. THE COURT ERRED IN THAT IT FAILED TO CONSTRUE THE EVIDENCE IN A LIGHT MOST FAVORABLE TO HELEN AND REQUIRED BY RULE 56(C) OF THE OHIO RULES OF CIVIL PROCEDURE.
 VII. THE COURT ERRED IN FAILING TO FIND THAT A GENUINE ISSUE OF FACT EXISTED AS TO THE AMOUNT OF DAMAGES.
Preliminarily, in accordance with Civ.R. 56, the evidence must be construed most strongly in favor of the nonmoving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the non-moving party. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 296. If the moving party makes that showing, the non-moving party then must produce evidence on any issue for which the party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, paragraph three of the syllabus (Celotex v.Catrett [1986], 477 U.S. 317, approved and followed).
Defendant's fifth and sixth assignments of error will be addressed initially, as they both are directed to the liability aspects of the trial court's determination. Specifically, defendant contends that because she did not occupy the premises leased under the agreement, she cannot be held liable for the damages or unpaid rent accruing under the lease.
On October 13, 1997, plaintiff entered into a lease agreement with defendant and her daughter, Gail Johnson. Pursuant to the terms of the lease agreement, the residents agreed to pay without demand a rental of $700 per month and to maintain the property pursuant to the specifications of paragraph five of the rental agreement. At the conclusion of the lease, both Gail Johnson and defendant signed on separate lines designated "resident." As a result, defendant became obligated for the rental payments and to the other obligations imposed on a resident pursuant to the agreement.
Defendant nonetheless contends the trial court erred in construing the facts in favor of the moving party. Specifically, defendant notes paragraph fourteen of the lease which provides that the premises will be used for residential purposes only and will be occupied by Gail Johnson and her four children. Defendant next points to R.C. 5321.01(A) which defines a tenant as "a person entitled under a rental agreement to the use and occupancy of residential premises to the exclusion of others." Arguing that the lease precluded defendant from occupying the premises, defendant contends she cannot be deemed a tenant or a responsible party under the lease agreement.
While paragraph fourteen of the lease agreement specifies that Gail Johnson and her children will occupy the premises, that language is prefaced by other language stating that "Resident agrees that the premises will be used for residential purposes only and will be occupied by * * *." The agreement, thus, does not preclude defendant from occupying the premises. To the contrary, the first page of the rental agreement specifies that "Resident agrees to occupy said premises * * *." Although defendant had the right to occupy the premises, she relinquished that right and agreed she would not. As a result, neither the lease agreement nor R.C. 5321.01(A)'s definition of tenant supports defendant's contention.
In the final analysis, although defendant was entitled to occupy the premises under the lease, she chose not to do so. Nonetheless, because defendant signed the rental agreement as a resident, she obligated herself to the duties of a resident under the agreement. Defendant thus is liable for the unpaid rent and damages to the property compensable under the lease. Defendant's fifth and sixth assignments of error are overruled.
Defendant's first, second, third, fourth, and seventh assignments of error all address the trial court's calculation of damages in this matter.
In assessing damages, the trial court had before it the affidavits of plaintiff, Gail Johnson, and Gretchen Kastet, an agent for the property manager. As defendant charges, the affidavit of plaintiff is conclusory in some respects. For example, plaintiff's affidavit states:
 3. In violation of the express terms of the lease, the Defendant failed to keep the Premises safe and sanitary, failed to dispose of garbage and waste in a clean, safe and sanitary manner, failed to personally refrain and/or forbid other persons in the Premises with Defendant's permission from intentionally or negligently destroying, defacing, damaging, or removing fixtures, appliances and other parts of the property, and kept pets in the Premises.
Nonetheless, paragraph four of plaintiff's affidavit specifies the damages which were incurred in the premises, including, pet waste and other stains, trash, fixtures destroyed and ruined, scratched and stained walls, and doors, windows, downspouts, drywall, kitchen countertops, and floors destroyed or damaged. Moreover, to the extent plaintiff's affidavit is too conclusory, plaintiff submitted the affidavit of Kastet in response to defendant's summary judgment motion. While Kastet reiterates paragraphs three and four of plaintiff's affidavit, she goes on to describe with some detail the damage to the premises. She further countered the suggestion in Gail Johnson's affidavit that the damages were due to ordinary wear and tear.
Given the foregoing, defendant's contention that the affidavits are too conclusory to support plaintiff's damages claim is unpersuasive. Nonetheless, defendant accurately notes that both plaintiff and Kastet attached to their affidavits substantial documentation which does not comport with the requirements of Civ.R. 56(C). Nor were the documents incorporated by reference into the affidavits plaintiff and Kastet submitted. As a result, the trial court improperly considered those documents in assessing damages.
Any error, however, is moot. Because Gail Johnson's affidavit directly contradicts the affidavits plaintiff and Kastet submitted, a genuine issue of material facts exists regarding the damages recoverable in this action. As a result, the damages aspect of the case will need to be determined by trial, where the parties will have the opportunity to submit appropriate documentation of damages at that time. Because, however, the trial court erred in finding no genuine issue of material fact regarding the nature and cause of the damages sustained at the premises, defendant's seventh assignment of error is sustained, rendering her first, second, third, and fourth assignments of error moot. App.R. 12(A).
Having overruled defendant's fifth and sixth assignments of error as to liability, but having sustained defendant's seventh assignment of error, rendering moot her first, second, third, and fourth assignments of error, we affirm the trial court's determination of liability, but reverse the judgment of the trial court as to the damages assessed for defendant's liability under the lease agreement, and remand the matter for further proceedings to ascertain plaintiff's damages under the lease.
Judgment affirmed in part and reversed in part; case remanded withinstructions.
LAZARUS, J., and BOWMAN, P.J., concur.